UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONALD K. HALKMON, JR., et al., )
)
        Plaintiffs, )
)
  v. ) No. 4:08-CV-1925-DDN
)
GENE STUBBLEFIELD, et al., )
)
        Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the applications of Ronald K. Halkmon, Jr. (registration no. 6764), Corey Henry (registration no. n/a), and Calvin Gadley (registration no. 105285) for leave to commence this action without payment of the required filing fee. As more fully set forth below, the Court will assess an initial partial filing fee for each plaintiff, because they do not have sufficient funds to pay the entire filing fee. *See* 28 U.S.C. § 1915(b)(1).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the

prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiffs have each submitted a motion for leave to proceed in forma pauperis and certified copies of their prison account statements for the six-month period immediately preceding the submission of their complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiffs' account statements indicates the following: (1) Ronald K. Halkmon, Jr. has an average monthly deposit of $14.00, and an average monthly account balance of $12.44. Plaintiff Halkmon has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess Ronald K. Halkmon, Jr. an initial partial filing fee of $2.80, which is 20 percent of his average monthly deposit; (2) Corey Henry has an average monthly deposit of $23.00, and an average monthly account balance of $14.37. Plaintiff Jackson has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess Corey Henry an initial partial filing fee of $4.60, which is 20 percent of his average monthly deposit; and (3) Calvin Gadley has an average

monthly deposit of $100.93, and an average monthly account balance of $16.03. Plaintiff Gadley has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess Calvin Gadley an initial partial filing fee of $20.19, which is 20 percent of his average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

3

**The complaint**

Plaintiffs filed the instant 42 U.S.C. § 1983 action while they were inmates at the St. Louis City Justice Center. They are seeking monetary relief against defendants Gene Stubblefield, Irene Mitchelle, Unknown Bond, Unknown Black, Unknown Howard, and Unknown Butler. Plaintiffs allege that they are "being targeted -- mail destroyed, canteen slips 'misplaced,' and bright lights turned on in our face." They also claim that they were placed in a "5 day lock-down" after "a guy . . . was beaten into a coma." Each plaintiff wrote to their families about the incident, and "some letters made it, some didn't." Plaintiffs claim that defendant Unknown Bond and staff "responded with threats and even violence" and that "security & safety in this place is extremely poor." Plaintiff Halkmon further alleges that his "visits [were] taken out [of] the computer 'unjustly,'" and that on September 13, 2008, he was attacked in his cell "by 2 guys."

Plaintiffs bring this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See*

4

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motions for leave to proceed in forma pauperis [Doc. #2, #3, and #10] are **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs shall each pay an initial partial filing fee within thirty (30) days from the date of this order, as follows: plaintiff Ronald Halkmon, Jr. shall pay $2.80; plaintiff Corey Henry shall pay $4.60; and plaintiff Calvin Gadley shall pay $20.19. Each plaintiff is instructed to make his respective remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number (if applicable); (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 7th day of April, 2009.

                                   **/s/ Jean C. Hamilton**
                                   **UNITED STATES DISTRICT JUDGE**